By the Court.
The plaintiff in error, Alex • Szalkai, was tried in the common pleas court of Lucas county and found guilty of the charge of shooting with intent to kill. A motion for a new trial having been overruled, penitentiary sentence was imposed, and the judgment of the common pleas court was thereafter affirmed by the court of appeals.
The trial court excluded testimony offered on behalf of plaintiff in error, the defendant below, in substance that Demecs, the prosecuting witness, had assaulted one Czejedy with a knife and inflicted several cuts upon his person; that the defendant Szalkai was not present when Demecs injured Czejedy; but that prior to the affray in ques *37 tion in this case the defendant was told by Czejedy that Demecs had cut him.
The rule laid down by this court in the case of The State of Ohio v. Roderick, 77 Ohio St., 301, is conclusive upon the proposition that such evidence is not admissible. In that case the defendant was permitted to prove the conduct of the deceased on other occasions, as indicating his actual character, and then was permitted to show that he had learned of those instances prior to his own affray with the deceased, in order to show the state of mind under which he, the defendant, acted. The court there held that such evidence was incompetent and sustained exceptions presented by the state, laying down the rule which should govern in such cases, and we have no inclination to disapprove that decision.
Demecs, the prosecuting witness in the instant case, testified that about three or four months previous to the shooting in question the defendant had drawn a revolver on him and threatened to shoot him, but had dropped his gun, which was picked up by his wife, and that he, Demecs, then went away. In the general charge the court instructed the jury as follows:
“In examining the facts, gentlemen, you will also consider that a man threatened with serious injury or bodily harm cannot avail himself of the defense of self-defense if he by his own unlawful conduct has created the danger himself with which he is threatened. Thus: when he provokes arid brings upon himself an attack by assailing another he can *38 not justify himself for killing or injuring his adversary on the ground that he, the assailant, was in danger of injury or serious bodily harm.”
There can be no question as to the competency of the testimony relative to the prior altercation, for the purpose of showing the enmity then existing and the feeling of Szalkai toward Demecs, and presumably it was offered for that purpose. The competency of this evidence, is not challenged, but counsel for plaintiff in error urge that the portion of the charge just quoted, though a correct statement of the law, by reason of the testimony with reference to a former altercation, probably caused the jury to understand that if the defendant committed an assault upon a previous occasion he would not be entitled to the benefit of the defense of self-defense in this case. The record shows an irreconcilable conflict in the testimony of the various witnesses as to which one of the parties to the actual affray made the first assault, and it was therefore the duty of the court to instruct the jury substantially as stated above. (Stoffer v. The State of Ohio, 15 Ohio St., 47.) It is not apparent from the language used by the court that reference was thereby made to the previous occurrence testified to by Demecs. If there was any question about that, counsel for defendant should have availed themselves of the opportunity to secure a further instruction limiting the effect and application of the evidence as to the prior assault, and a further instruction, if it seemed necessary, that even if an assault had been made by the defendant upon a previous occasion that fact would not deprive him *39 of the right of defending himself against a subsequent assault by the prosecuting witness. The instruction given was not only not prejudicial but was free from error.
The accused admitted having shot Demecs and sought to justify the act upon the ground of self-defense. That was the real issue upon which the case went to the jury. The burden of proving that the shooting was excusable upon such ground rests upon the defendant and must be established by a preponderance of the evidence. (Silvus v. The State, 22 Ohio St., 90; Weaver v. The State, 24 Ohio St., 584; The State v. Sappienza, 84 Ohio St., 63, 71, and The State v. Vancak, 90 Ohio St., 211, 214.) The charge of the court on the subject of self-defense follows the rule laid down in those cases. The language employed, though in some respects unhappily chosen, does not appear, when considered with the remainder of the charge and the entire record of the case, to have placed upon the defendant any improper burden or resulted to his prejudice.
The judgment of the court of appeals is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.